# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

WESTERN WATERSHEDS PROJECT,
      *Plaintiff-Appellant,*

v.

KEN SALAZAR, in his official
capacity as Secretary of the United
States Department of the Interior;
BOB ABBEY, in his official capacity
as Director of the United States
Bureau of Land Management;
MIKE POOL, in his official capacity
as Deputy Director of the United
States Bureau of Land
Management; UNITED STATES
BUREAU OF LAND MANAGEMENT, a
federal agency; ROWAN GOULD, in
his official capacity as Director of
the Untied States Fish and
Wildlife Service; REN LOHOEFENER,
in his official capacity as Regional
Director of the Pacific Southwest
Region of the United States Fish
and Wildlife Service; UNITED
STATES FISH AND WILDLIFE SERVICE,
a federal agency; UNITED STATES
DEPARTMENT OF THE INTERIOR, a
federal agency,
      *Defendants-Appellees,*

and,

BRIGHTSOURCE ENERGY, INC.,
    *Intervenor-Defendant-Appellee.*

No. 11-56363

D.C. No.
2:11-cv-00492-
DMG-E
Central District of
California,
Los Angeles

ORDER

9445

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted
August 8, 2012—Pasadena, California

Filed August 10, 2012

Before: Stephen Reinhardt, Barry G. Silverman, and
Kim McLane Wardlaw, Circuit Judges.

---

## COUNSEL

Stephan C. Volker, Joshua A.H. Harris, Daniel P. Garrett-Steinman, and Jamey M.B. Volker, Law Offices of Stephan C. Volker, Oakland, California, for the plaintiff-appellant.

Aaron P. Avila, and Thkla Hansen-Young, United States Department of Justice, Washington, D.C., for the defendants-appellees.

Albert M. Ferlo, Perkins Coie, LLP, Washington D.C., for the intervenor-defendant-appellee.

---

## ORDER

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). We subject a district court decision denying a preliminary injunction to "limited and deferential" review; we will reverse only where the

district court abused its discretion. *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003) (en banc) (per curiam). We have reviewed the briefs and the excerpts of record, heard oral argument, and considered the matter thoroughly. We conclude that the district court did not abuse its discretion in denying Appellants' motion for a preliminary injunction.

The district court did not abuse its discretion in its application of the *Winter* factors. In particular, the court properly analyzed the balance of equities and the public interest, and did not abuse its discretion in finding that these factors weighed against issuing a preliminary injunction. In balancing the equities, the district court properly weighed the environmental harm posed by the Ivanpah Solar Electric Generating System ("ISEGS") project against the possible damage to project funding, jobs, and the state and national renewable energy goals that would result from an injunction halting project construction, and concluded that the balance favored Appellees. This result was within the district court's discretion. *See Earth Island Inst. v. Carlton*, 626 F.3d 462, 475 (9th Cir. 2010) ("An injunction is a matter of equitable discretion. The assignment of weight to particular harms is a matter for district courts to decide. The record here shows that the district court balanced all of the competing interests at stake.") (alteration marks, quotation marks, and citation omitted). The District Court also properly exercised its discretion in weighing Appellant's delay in seeking a preliminary injunction until after construction began, was temporarily halted, and begun anew, and some $712 million had been expended among the equitable factors. While Appellant maintains that it lacked facts supporting a preliminary injunction motion until the Bureau of Land Management ("BLM") revealed the greater tortoise impacts on April 19, 2011, many of Appellant's objections to the Final Environmental Impact Statement have nothing to do with BLM's disclosure of a greater-than-expected desert tortoise population.

The district court also did not abuse its discretion in analyzing the public interests at stake. It properly concluded that Appellant's contention that rooftop solar panels were a preferable source of renewable energy amounted to a policy dispute and could not support a finding that an injunction was in the public interest. The district court properly took into account the federal government's stated goal of increasing the supply of renewable energy and addressing the threat posed by climate change, as well as California's argument that the ISEGS project is critical to the state's goal of reducing fossil fuel use, thereby reducing pollution and improving health and energy security in the state. Appellant has pointed to no clear factual error or mistake of law in the district court's analysis of the public interest factors. Accordingly, we affirm the denial of Appellant's preliminary injunction motion.

**IT IS SO ORDERED.**